# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DAVID SIDNEY NICHOLS**                                                **PETITIONER**

**v.**                          **No. 3:19CV131-MPM-JMV**

**JESSE WILLIAMS, ET AL.**                                                 **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of David Sidney Nichols for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Nichols has responded to the motion, and the parties have submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

David Sidney Nichols pled guilty to two counts of murder (reduced from capital murder)[1] in the Circuit Court of Tate County, Mississippi. *See* Exhibit A (Plea Petition). Nichols was sentenced on April 14, 2004, to serve concurrent terms of life imprisonment in the custody of the Mississippi Department of Corrections (MDOC). *See* Exhibit B (Sentencing Order);[2] *see also* SCR, Cause No. 2007-CP-1001, pp. 45-62 (Transcript of Plea and Sentencing).

---

[1] *See* "Order on Agreed Motion to Reduce Charge" in State Court Record (SCR), Cause No. 2007-CP-1001, p. 79.

[2] Counts I and IV of the indictment were remanded to the files in exchange for Nichols' plea. *See* SCR, Cause No. 2007-CP-1001, p. 80.

Mr. Nichols filed two motions for post-conviction relief in the trial court challenging his plea and sentences. He signed a "Motion for Post Conviction Relief to Vacate and Set Aside Conviction and Sentence" on December 29, 2006,[3] which was stamped "filed" in the Circuit Court of Tate County on March 9, 2007. SCR, Cause No. 2007-CP-1001, pp. 1-62. On May 31, 2007, the Tate County Circuit Court dismissed Nichols' post-conviction pleading under "Miss. Code Ann. § 99-39-11(2) without benefit of hearing." *Id.* at pp. 63-64. He appealed the trial court's decision, and on May 20, 2008, the Mississippi Court of Appeals affirmed the lower court's decision. *Nichols v. State*, 984 So. 2d 236 (Miss. Ct. App. 2008), *reh'g denied*, Sept. 30, 2008 (Cause No. 2007-CP-1001).

On December 2, 2011, over three (3) years later, Nichols signed a "Motion for Post-Conviction Relief," which was docketed in the Tate County Circuit Court. *See* SCR, Cause No. 2012-CP-00214, pp. 10-75. On January 10, 2012, the Tate County Circuit Court found that Nichols' motion was barred as a successive writ and untimely filed – and that Nichols failed to meet any of the exceptions to those bars. *Id.* at pp. 8-9.[4] Nichols once again appealed the lower court's ruling, and, on April 30, 2013, the Mississippi Court of Appeals affirmed the lower court's order dismissing the

---

[3] The "Certificate of Service" is dated December 29, 2006, but the "Specific Facts That Are Within Petitioner's Personal Knowledge" is signed by Nichols, as affiant, and notarized on January 16, 2007. SCR, Cause No. 20007-CP-1001, p. 27. Further, the pleading is stamped as "received" by the clerk's office on January 31, 2007. *Id.,* at p. 5.

[4] The trial court noted in its Order that Nichols' post-conviction pleadings were received by the court "on or around December 5, 2011." *Id.* The trial court also noted that, "on June 9, 2010, [the Court] also denied Nichols the right to file another petition because it was time barred and successive." *Id.*, p. 9, n. 1. The docket reflects only a "Request for Information," filed on June 1, 2010, with a corresponding Order docketed June 14, 2010. At any rate, these papers were filed well beyond the expiration of the federal limitations period.

petition as successive and time barred. *See Nichols v. State*, 120 So. 3d 433 (Miss. Ct. App. 2013), *reh'g denied*, Aug. 27, 2013, *cert. denied*, Jan. 23, 2014 (Cause No. 2012-CP-00214).

Mr. Nichols also filed an "Application for Leave to Proceed" in the Mississippi Supreme Court, which was signed on January 19, 2015, and stamped as "filed" in the appellate court on January 26, 2015. *See* SCR, Cause No. 2015-M-00130. On February 4, 2015, the Mississippi Supreme Court dismissed Nichols' application without prejudice to his ability to file it in the trial court (the court of exclusive jurisdiction for a collateral attack on a guilty plea). *See* Exhibit E.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. As such, Mr. Nichols' convictions became final on May 14, 2004, thirty (30) days after he was sentenced on his guilty plea.[5] *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Thus, the deadline for Mr. Nichols to seek federal *habeas corpus* relief became May 16, 2005.[6] Though he sought state post-conviction collateral relief three times (twice in the trial court and once in the Mississippi Supreme Court), he did so after the federal *habeas corpus* deadline had expired. As such, these post-conviction filings did not toll the *habeas corpus* limitations period under 28 U.S.C. § 2244(d)(2). Thus, the federal *habeas corpus* filing deadline remained May 16, 2005.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on June 11, 2019, and the date it was received

---

[5] There is currently a statutory prohibition to direct appeals from guilty pleas under state law. At one time, the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So. 2d 1189 (Miss. 1977); *Trotter v. State*, 554 So. 2d 313 (Miss. 1989); *Berry v. State*, 722 So. 2d 706 (Miss. 1998); *Campbell v. State*, 743 So. 2d 1050 (Miss. Ct. App. 1999); *Acker v. State*, 797 So. 2d 966 (Miss. 2001). The Mississippi Court of Appeals has since recognized that this exception no longer applies to guilty pleas taken after the July 1, 2008, effective date of the new amendment to Mississippi Code Annotated section 99-35-101 (Supp. 2009). *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). However, Nichols' plea was entered prior to July 2008, so the court finds that his judgment became "final" on May 14, 2004, thirty (30) days after he was sentenced on his plea.

[6] The one-year limitations period would have expired on May 14, 2005, which fell on a Saturday. Thus, Nichols' petition became due in this court on or before the next business day, Monday, May 16, 2005.

and stamped as "filed" in the district court on June 17, 2019. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition was therefore filed over 14 years after the May 16, 2005, filing deadline.

In his response to the instant motion, Mr. Nichols requests an evidentiary hearing. Under the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), requests for an evidentiary hearing are evaluated under 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). When a *habeas corpus* petitioner has failed to develop the factual basis of a claim, his entitlement to an evidentiary hearing is limited to the exceptions of subsection (e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that–
>
> (A) the claim relies on–
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

These exceptions apply where the failure to develop the facts of claim is solely the result of a decision or omission of the petitioner himself. *Murphy*, 205 F.3d at 815. However, overcoming the restrictions in § 2254(e)(2) does not guarantee a petitioner an evidentiary hearing, it merely "opens the door for one." *Id.* The district court may, at its discretion, grant or deny an evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live testimony; a "paper hearing" can

suffice to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has before it enough facts to make an informed decision regarding the merits of a claim, the court may refuse to grant an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. Resolution of the instant case turns on the timeliness of the petition, and the record contains enough information to decide that issue. For this reason the petitioner's request for evidentiary hearing will be denied.

For the reasons set forth above, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of April, 2020.

                                                   **/s/ MICHAEL P. MILLS**
                                                   **UNITED STATES DISTRICT JUDGE**
                                                   **NORTHERN DISTRICT OF MISSISSIPPI**